**John T. HANSEN, Plaintiff–Appellant,**

v.

**THE LONG ISLAND RAIL ROAD, Defendant–Appellee.**

No. 05–0552–CV.

United States Court of Appeals, Second Circuit.

Dec. 19, 2005.

Paula Schwartz Frome, Garden City, NY., for Appellant.

Mary Jennings Mahon, (J. Dennis McGrath), Jamaica, NY., for Appellees, of counsel.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges, and Hon. JOHN G. KOELTL, District Judge.*

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 19th day of December, two thousand five.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order be, and it hereby is, AFFIRMED.

The plaintiff John Hansen appeals from an order of the United States District Court for the Eastern District of New York denying his request for leave to file a motion for a new trial. We assume that the parties and counsel are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

On appeal, Hansen argues that the district court erred when it refused to grant his request for leave to file a motion for a new trial because Hansen's personal letter to the court after the verdict constituted a request for a new trial under Federal Rule

---

* The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

of Civil Procedure 59(b). He further argues that the jury award of $137,694.01 for lost wages and past and future pain and suffering was inadequate.

Federal Rule of Appellate Procedure 4(a)(4)(B)(ii) provides that a party who wishes to challenge the disposition of a Rule 59 or Rule 60 motion must file a new notice of appeal or amend the original notice within 30 days. Because Hansen never filed a notice of appeal that challenged the district court's denial of his Rule 59 and Rule 60 motions, he is barred from appealing them.

The district court did not in any event err in denying Hansen's motions. Federal Rule of Civil Procedure 60(b)(1) permits relief from a judgment or order for "mistake, inadvertence, surprise, or excusable neglect." We review the grant or denial of a Rule 60(b)(1) motion for abuse of discretion. *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.1998). The court's decision to deny Hansen's request was not an abuse of discretion because Hansen did not communicate in his letter that he was seeking to move for a new trial. He asked only that the court "reconsider the monetary award and adjust it accordingly." When Hansen's counsel filed a formal motion under Federal Rule of Civil Procedure 59, it was time-barred because it was filed more than ten days after the entry of judgment.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.